

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

March 8, 1948

Hon. Robert L. Kirk
County Attorney
Lamb County
Littlefield, Texas

Opinion No. V-515

Re: Traveling expense of
the sheriff and his
deputies.

Dear Sir:

Your request for an opinion from this office
on the above subject matter is as follows:

"In accordance with the requirements
of the enactment of the 50th Legislature,
regarding the supply and pay for transpor-
tation for sheriffs and their deputies, the
Commissioners Court of Lamb County have se-
lected section (c) of said act as the man-
ner of caring for said transporation in
Lamb County. The Commissioners Court have
also set the rate of pay at eight cents 8¢)
per mile. The act does not state from what
funds this expense shall be paid.

"PROPOSITION:

"How shall this money be paid and from
what funds?"

Lamb County has a population of 17,606 inhabi-
tants according to the 1940 federal census. We are in-
formed from the Comptroller's office that the county of-
ficials in Lamb County in 1947 were compensated on a fee
basis. The Comptroller's office at this time has not re-
ceived a certified copy of the order of the Commissioners'
Court of Lamb County determining whether the county of-
ficers are to be compensated on a fee or salary basis for
the year 1948, as required by Section 2 of Article 3912e.
The language of your request, however, would imply that
the county officers are on a fee basis and this opinion
is based on such an assumption.

You state in your request that the Commission-
ers' Court of Lamb County has determined to provide for

the traveling expense of the sheriff and his deputies in accordance with the provisions of Section 1(c) of H. B. 501, Acts of the 50th Legislature, 1947. You further state that the Commissioners' Court is allowing the sheriff and his deputies eight cents (8¢) per mile for each mile traveled in the performance of official duties. Section 1(c) of H. B. 501 provides as follows:

"Alternatively such County Commissioners Courts may allow sheriffs and their deputies in their respective counties to use and operate cars on official business which cars are personally owned by them for which such officers shall be paid not less than six cents (6¢) per mile nor more than ten cents (10¢) per mile for each mile traveled in the performance of official duties of their office."

It was held in our Opinion No. V-293 that the provisions of H. B. 501 were mandatory. In other words, the Commissioners' Court must provide traveling expense for the sheriff and his deputies under one of the four subdivisions. It was further held in our Opinion No. V-472 that H. B. 501 is applicable to all counties of this State whether such counties were on a "fee" or "salary" basis. See also Opinion No. V-343. We quote the following from Opinion No. V-472:

"Prior to the enactment of H. B. 501 by the 50th Legislature, subdivisions (a) and (b) of Art. 3899, V. C. S., and Art. 3912e, Section 19, subdivision (1), V. C. S., were the statutes which governed the travel expenses of sheriffs throughout the State. Subdivision (a) of Article 3899 was applicable to counties whose officers were compensated on a fee basis. Subdivision (b) of said Article applied to those counties operating on a salary basis and having a population of not more than 190,000 inhabitants, while subdivision (1), Section 19 of Article 3912e was applicable to counties having a population in excess of 190,000 inhabitants. . .

"It will be noted that H. B. 501 is made applicable to all counties of the State . . .

". . . it is our opinion that H. B. 501 supersedes subdivision (1), Section 19 of Art. 3912e, V. C. S. . ."

Prior to the enactment of H. B. 501, the traveling expense of the sheriff and his deputies provided for in Article 3899(a) was paid out of fees earned by such officers. Hood v. State, (Civ. App.) 73 S. W. (2d) 611. Following the reasoning in Opinion No. V-472, it is our opinion that H. B. 501, Acts of the 50th Legislature, supersedes subdivision (a) of Article 3899, V. C. S., insofar as it pertains to the traveling expense of the sheriff.

Since subdivision (c) provides that the county shall "pay" the officers for the use of their cars and makes no provision for any fee of office for such purpose, and since the emergency clause (Section 2) of H. B. 501 states that prior to the present Act there was no adequate law providing for transportation for sheriffs and their deputies, it is our opinion that the Legislature intended to provide them with traveling expense regardless of whether the fees of office were sufficient. Therefore, the Legislature placed a mandatory duty on the Commissioners' Courts of this State to provide adequate transportation. This can only be done in "fee" counties by paying traveling expense out of the general fund of the county. In view of the foregoing, it is our opinion that transportation for the sheriff of Lamb County should be paid out of the General Fund of the county.

## SUMMARY

Traveling expense of sheriffs and their deputies in "fee" counties should be paid out of the General Fund. H. B. 501, R. S., 50th Leg. 1947.

Yours very truly,

APPROVED:

*Fagan Dickson*

FIRST ASSISTANT
ATTORNEY GENERAL

JR:mw

ATTORNEY GENERAL OF TEXAS

By *John Reeves*

John Reeves
Assistant